**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HELIO GOMES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal Detention** | : | |
| **Center, Philadelphia, JOHN E. RIFE, Acting Field** | : | |
| **Office Director, Immigration and Customs** | : | |
| **Enforcement, Enforcement and Removal** | : | |
| **Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-4261** |

## ORDER

**NOW**, this 26th day of June, 2026, upon consideration of petitioner Helio Gomes's

Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition,

**IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1.     Gomes is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.     The government shall release Gomes from custody immediately and certify

compliance with this order by filing proof of his release on the docket no later than **11:00**

**P.M. E.T.** on **June 26, 2026**.

3.     The government shall return all personal belongings confiscated from

Gomes upon his detention, including identification documents.

4.     The government is temporarily enjoined from re-detaining Gomes for seven

days following his release from custody.

5.      If the government pursues re-detention of Gomes, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Gomes from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Gomes is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Gomes if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Gomes, a citizen of Brazil, entered the United States through the Deconcini Port of Entry in Nogales, AZ on October 27, 2017. Pet. Writ Habeas Corpus ¶¶ 17–18, ECF No. 1; R. Deportable/Inadmissible Alien [Form I-213] 2, ECF No. 4-2. He was detained and processed by Department of Homeland Security (DHS) officers and subsequently released into the United States. Pet. Writ Habeas Corpus 5; Form I-213 at 2. Gomes has since resided in Philadelphia, PA, where he lives with his family, works as a painter, and is an active member of the Assembly of God Church. Pet. Writ Habeas Corpus ¶ 19. On June 17, 2026, Immigration and Customs Enforcement officers detained Gomes while he was sitting in a vehicle on St. Vincent Steet in Northeast Philadelphia. Pet. Writ Habeas Corpus ¶ 21; Form I-213 at 2. He has since been held at the Federal Detention Center in Philadelphia, PA. Pet. Writ Habeas Corpus ¶ 22. He has no known criminal record. Form I-213 at 3.

The government has denied Gomes the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. Pet. Writ Habeas Corpus ¶¶ 58–59; Respondents' Opp'n to Pet. for Writ of Habeas Corpus [Gov't's Opp'n] 9, ECF No. 4. It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). See Gov't's Opp'n 7–10.

Section 1225(b)(2) does not apply to individuals like Gomes, who are not actively trying to enter the country, but have been living here for an extended period. See Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Gomes is 8 U.S.C. § 1226(a). That provision mandates a hearing. See 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. See, e.g., Diallo v. O'Neill et al., Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.